IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-03143-PAB-TPO

RONALD J. DESROCHERS,

    Plaintiff,

v.

CONSUMER LEGAL GROUP, P.C.,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Motion for Default Judgment Against Consumer Legal Group, P.C. [Docket No. 18].

## I. BACKGROUND[1]

In approximately October of 2023, plaintiff Ronald J. Desrochers was interested in attempting to resolve a number of debts which were impacting his credit and credit score. Docket No. 1 at 2, ¶ 7. Through a Google search, plaintiff found out about defendant Consumer Legal Group, P.C.'s services. *Id.*, ¶ 8. Defendant explained the nature of its services to plaintiff. *Id.* at 2-3, ¶ 9. In this conversation, defendant told plaintiff that plaintiff would make certain monthly payments, which would be used to "challenge" or otherwise "resolve" plaintiff's enrolled debts. *Id.* Defendant further represented to plaintiff that the debts would be removed from his credit reports and that

---

[1] Because of the Clerk of Court's entry of default against defendant, *see* Docket No. 17, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

it would be as if plaintiff never incurred the subject debts.  *Id.* at 3, ¶ 10.  Defendant led plaintiff to believe that defendant would use his monthly payments toward resolving the debts.  *Id.*, ¶ 11.

Plaintiff entered into a contract with defendant for the provision of its services.  *Id.*, ¶ 16.  Plaintiff began making monthly payments of approximately $260 per month to defendant.  *Id.*, ¶ 17.  Upon entering the contract, plaintiff was informed to cease paying his creditors and instead divert those funds to defendant.  *Id.*, ¶ 18.  Plaintiff made payments to defendant for approximately 7 months.  *Id.* at 4, ¶ 20.  While plaintiff was led to believe that his payments were going towards resolving his debts, the payments were actually being retained by defendant for its fees.  *Id.*, ¶ 21.  Defendant largely failed to deliver any results for plaintiff, as it failed to get any debts "resolved" or removed from plaintiff's credit reports.  *Id.*, ¶ 25.  Instead, defendant simply collected its fees while plaintiff enjoyed no benefit.  *Id.*

Plaintiff filed this lawsuit on November 13, 2024.  *See generally id.*  Plaintiff brings claims for (a) Violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*; (b) Violations of the Colorado Credit Services Organizations Act, Colo. Rev. Stat. § 5-19-101 *et seq.*; and (c) Violations of the Colorado Uniform Debt-Management Services Act, Colo. Rev. Stat. § 5-19-201 *et seq.  Id.* at 5-12, ¶¶ 31-73.

On March 17, 2025, plaintiff served defendant.  Docket No. 15 at 2.  Defendant has not made an appearance in this action.  On April 29, 2025, the Clerk of Court entered default against defendant.  Docket No. 17.  On May 20, 2025, plaintiff filed the motion for default judgment.  Docket No. 18.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the court considers that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such

consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III. ANALYSIS

### A. <u>Jurisdiction</u>

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

### 1. Subject Matter Jurisdiction

Plaintiff makes no allegations regarding jurisdiction in his motion for default judgment.  *See generally* Docket No. 18.  However, in his complaint, plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.  Docket No. 1 at 1, ¶ 2.

Section 1331 confers federal district courts with jurisdiction over "all civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  Plaintiff's claim for violations of the Credit Repair Organizations Act arises under federal law.  Thus, the Court has subject matter jurisdiction over that claim.

Moreover, pursuant to 28 U.S.C. § 1367(a), the Court can exercise supplemental jurisdiction over plaintiff's state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact."  *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotations, alterations, and citations omitted).  Whether to exercise supplemental jurisdiction is a matter of the district court's discretion.  *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).  Here, the Court finds that all of plaintiff's claims arise out a common nucleus of operative fact.  Specifically, all of plaintiff's claims arise out of defendant's failure to provide plaintiff with its promised credit repair services.  Docket No. 1 at 5-12, ¶¶ 31-73.  Thus, the Court will exercise supplemental jurisdiction over plaintiff's state law claims.

### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *XMission, L.C. v. Fluent LLC*, 955 F.3d

833, 839 (10th Cir. 2020).  Plaintiff can satisfy its burden by making a *prima facie* showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  However, "[c]onclusory allegations as to the transaction of business, devoid of further factual support, are insufficient to establish a good faith basis for personal jurisdiction over a defendant."  *Ryuunosuke Takeshige v. Rich Board, LLC*, No. 20-cv-1262-WJM-KLM, 2021 WL 2351036, at *2 (D. Colo. June 9, 2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further.  *AST Sports Sci., Inc.*, 514 F.3d, at 1057.  The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond*

*Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction.  *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation.  *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit.").  Without proper service, the court lacks personal jurisdiction over a defendant.  *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

### a. Service of Process

The Court first considers whether plaintiff properly served defendant.  The Federal Rules of Civil Procedure provide that a corporation, partnership, or unincorporated association can be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).

On March 17, 2025, a private process server personally served the summons on Michael James in Brooklyn, N.Y.  Docket No. 15 at 1-2.  The private process server noted on the proof of service that Michael James is designated by law to accept service of process on behalf of Consumer Legal Group, P.C.  *Id.* at 2.  Thus, the Court finds that service was proper under Fed. R. Civ. P. 4(h)(1)(B).

### b. General Jurisdiction

General jurisdiction extends to "any and all claims" brought against a defendant, including claims that have no relation to the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the state. *Id*. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). For corporations, "the place of incorporation and principal place of business are 'paradig[m]... bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137 (citation omitted); *see also Ford Motor Co.*, 592 U.S. at 358-59. Plaintiff alleges that defendant is incorporated in New York and has its mailing address in New Jersey.[2] Docket No. 1 at 2, ¶ 5. Plaintiff does not state any facts that would render defendant "essentially at home" in Colorado. Accordingly, the Court finds that defendant is not subject to general jurisdiction in Colorado.

### c. Specific Jurisdiction

Specific jurisdiction is present if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 582 U.S. 255, 262 (2017). That is, "[a] plaintiff's injury must 'arise out of or relate to' the defendant's forum contacts." *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1284 (10th Cir. 2020) (quoting

---

[2] Plaintiff does not argue that defendant's mailing address is indicative of its principal place of business. *See* Docket No. 1 at 2, ¶ 5.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)).  In other words, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Operations, S. A.*, 564 U.S. at 919).

The specific jurisdiction analysis is two-fold.  First, the court must determine whether a defendant has such minimum contacts with Colorado that the defendant "should reasonably anticipate being haled into court" there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Within this inquiry, the court must determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King*, 471 U.S. at 472, and whether plaintiff's claim arises out of or results from "actions by . . . defendant . . . that create a substantial connection with the forum State."  *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted).  "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'"  *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).  "They must show that the defendant deliberately 'reached out beyond' its home – by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there."  *Id*. (citation omitted).  Second, if a defendant's actions create sufficient minimum contacts, the court must consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice."  *Asahi*, 480 U.S. at 105.  The court considers several factors as part of this analysis, including: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's

9

interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477.

Plaintiff makes no allegations that the Court has personal jurisdiction. *See generally* Docket No. 1; Docket No. 18. The only allegations that potentially relate to personal jurisdiction is plaintiff's assertion that he resided in Colorado at the time of his dealings with defendant, Docket No. 1 at 2, ¶ 4, and that plaintiff "came upon Defendant's services after searching Google." *Id.*, ¶ 8. Plaintiff provides no information regarding whether his dealings with defendant took place in Colorado or why defendant should anticipate being haled into court in Colorado. *See generally id.*; Docket No. 18.

Vague, conclusory allegations as to personal jurisdiction do not set forth a basis for the Court's exercise of personal jurisdiction over defendant. *See Ryuunosuke Takeshige*, 2021 WL 2351036, at *2.

Plaintiff, however, may be able to plead facts demonstrating that the Court has specific personal jurisdiction over defendant, but it has not done so at this stage. Accordingly, the Court will deny the request for default judgment without prejudice for failure to plead sufficient facts showing personal jurisdiction. *See United States v. Noell*, No. 22-cv-02538-PAB-SBP, 2023 WL 4204669, at *5 (D. Colo. June 27, 2023) (denying default judgment motion without prejudice for failure to plead sufficient personal jurisdiction allegations).

**IV. CONCLUSION**

It is therefore

10

**ORDERED** that the Motion for Default Judgment Against Consumer Legal Group, P.C. [Docket No. 18] is **DENIED without prejudice**.

DATED March 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge